Law Library

## IN THE SUPERIOR COURT OF GUAM

MACHECHE PLAZA DEVELOPMENT,   )
                                      )
              Plaintiff,    )
                                        )
                                        )
        vs.                 )
                                        )
CHAMORRO EQUITIES, INC.,       )
                                        )
              Defendant.   )

CIVIL CASE NO. CV1936-11

DECISION AND ORDER

## INTRODUCTION

On March 5, 2012, this matter came before the HONORABLE VERNON P. PEREZ on MPD Macheche Plaza Development ("MPD") Motion for Order Authorizing Deposit of Rents, Discharge of Macheche Plaza Development, and for Attorney's Fees. MPD is represented by Attorney Jon A. Visosky. Defendant Chamorro Equities, Inc. ("CEI"), led by the Walter Ulloa Faction of CEI Stockholders, is represented by Attorney Rawlen Mantanona. Defendant CEI, led by the Robert Ulloa Faction of CEI Stockholders, is represented by Bill R. Mann. The Court now issues the following Decision and Order dismissing this action in its entirety and denying MPD's Motion as moot.

## BACKGROUND

On December 16, 2011, MPD filed Complaint for Interpleader and Breach of Contract. On February 1, 2012, MPD filed Motion for Order Authorizing Deposit of Rents, Discharge of Macheche Plaza Development, and for Attorney's Fees. The Walter Ulloa Faction of CEI Stockholders filed an Opposition on February 20, 2012. The Robert Ulloa Faction filed Response to MPD's Motion for Order Authorizing Deposit of Rents, Discharge of Macheche

Plaza Development, and for Attorney's Fees, and Motion to Stay or Consolidate on February 20, 2012.

## DISCUSSION

MPD's Complaint asserts breach of contract and seeks the following relief: to interplead or deposit the December 2011 and all future rents with the Clerk of the Superior Court of Guam, be discharged from all liability, and receive reasonable attorney's fees and costs out of rents deposited with the Court.

Title 7 of the Guam Code Annotated states that "[a] civil action arises out of either an obligation or an injury." 7 GCA § 1108 (2012). "An injury is either an injury to the person or to property." 7 GCA § 1110(a) (2012).

The issue of subject matter jurisdiction may be raised at any stage of the proceedings. *Taitano v. Lujan*, 2005 Guam 26 ¶ 15 (citation omitted). "[T]he court may *sua sponte* raise the issue of lack of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists." *Mallard Automotive Group, Ltd. v. U.S.*, 343 F.Supp.2d 949, 952 (D. Nev. 2004). "Therefore, a 12(b)(1) motion must be decided before other motions, as they will become moot if dismissal is granted." *Orient v. Linus Pauling Institute of Science, 936 F.Supp. 704, 706* (D. Ariz.1996) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (1990)).

The Supreme Court of Guam has "held that a court has no subject matter jurisdiction to hear a claim when a party lacks standing." *Benavente v. Taitano*, 2006 Guam 15 ¶ 14 (citation omitted). To obtain constitutional standing, a litigant must not only demonstrate an "actual injury" but also that "the injury or threat of injury [is] both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Guam v. Tennessen*, 2011 Guam 2 ¶ 19.

Although the parties have not raised the issue of standing, the Court must *sua sponte* determine whether MPD meets the constitutional standing requirements before considering MPD's Motion. In the present case, MPD alleges that in forcing them to file this interpleader action, CEI has breached the lease and caused them to incur damages. MPD alleges that they were forced to file this action due to the conflicting demands and instructions by both CEI factions. Therefore, they assert that due to these conflicting demands, they are unable to determine how, or to whom rent should be paid.

The Court determines that MPD has not alleged any facts to show they have suffered injury. CEI has not breached the lease, nor has MPD suffered any harm to any of its rights, rights accorded by law or by contract. Based on the terms of the lease, there is no dispute as to whom MPD should pay. Regardless of the outcome of the pending litigation concerning who makes up CEI, MPD will still owe its rents to CEI. The pending litigation concerning CEI does not affect MPD concerning its rental payments. MPD has alleged no claim which is to be resolved by this Court.

This Court lacks subject matter jurisdiction for failure of MPD to demonstrate an injury that is concrete or actual, or an imminent threat of future injury. The absence of subject matter jurisdiction precludes this Court from reaching the merits of MPD's Motion. No attorney's fees and costs will be awarded.

## CONCLUSION

Based on the foregoing, MPD's cause of action is hereby **DIMISSED** for lack of subject matter jurisdiction. Furthermore, MPD's Motion is Moot given the Court's lack of subject matter jurisdiction.

**SO ORDERED** this 23rd of July 2012.

_____
**HONORABLE VERNON P. PEREZ**
**JUDGE, SUPERIOR COURT OF GUAM**

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam

DATED: JUL 2 3 2012

JEREMIE J. DUENAS
DEPUTY CLERK, Superior Court of Guam

_Macheche Plaza Dev. v. Chamorro Equities, Inc._
Decision and Order
Civil Case No. CV1936-11             Page 4 of 4